# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT D. FLETCHER, )
)
        Petitioner, )
)
vs. ) CIVIL NO. 08-266-GPM
)
DONALD HULICK, *et al.*, )
)
        Respondents. )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2).

Petitioner names as a respondent not only the warden of his prison but also the Attorney General of Illinois. This practice is quite common among *pro se* litigants in this District, but the only proper respondent in a collateral attack is Petitioner's custodian.

> The Attorney General of [Illinois] is the state's lawyer, not the prisoner's custodian. If the petitioner is in prison, the warden is the right respondent. If the petitioner is on parole, the parole board or equivalent should be named. *A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody.*

*Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (emphasis added); *see also Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 665 n.1 (7th Cir. 1990); Rules 2(a) and (b) of the Rules Governing § 2254 Cases in the United States District Courts. Because Petitioner is incarcerated, the only proper respondent is Warden Hulick. The Illinois Attorney General is **DISMISSED** as a party

to this action.

Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

Respondent Hulick is **ORDERED**, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, to answer and show cause why the writ should not issue. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings. This entire matter be **shall be referred** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

DATED: 07/14/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge