IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT D. FLETCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-00266-GPM-DGW |
| | ) | |
| DAVE REDNOUR, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is Petitioner Robert T. Fletcher's ("Fletcher") Motion for Stay and Abeyance (Doc. 32). Respondent Dave Rednour filed a Response (Doc. 34) and Fletcher filed a Reply (Doc. 39). For the reasons stated below, the Motion for Stay and Abeyance is **DENIED**.

## Procedural History

On January 21, 2000, a jury in the Circuit Court of Madison County convicted Fletcher of first degree murder (Doc. 31). Fletcher was sentenced to 80 years of imprisonment on February 23, 2000. *Id.* On direct appeal to the Illinois Court of Appeals, Fletcher argued that: (1) the trial court erred when it denied his motion to suppress oral statements made during an interview by investigators; (2) trial counsel was ineffective because he did not allow petitioner to testify at trial as to his version of the facts; (3) trial counsel was ineffective because he admitted to the jury that petitioner had shot the victim; and (4) the trial court erred when it failed to make an inquiry as to the effectiveness of trial counsel and failed to appoint new counsel on petitioner's post-trial motion. *Id.* On December 21, 2001, the Illinois Court of Appeals affirmed Fletcher's conviction but vacated the sentence and remanded the case back to the circuit court. *Id.* On April 25, 2002, the circuit court sentenced Fletcher to 60 years of imprisonment. *Id.*

Fletcher filed a second direct appeal on February 3, 2003 arguing that the trial court abused its discretion in sentencing him to 60 years in prison because it failed to consider his lack of significant criminal history and provocation for the offense (Doc. 31). The Illinois Court of Appeals affirmed Fletcher's sentence on December 3, 2003. *Id.*

On September 20, 2004, Fletcher filed a *pro se* post-conviction petition in the Circuit Court of Madison County contending: (1) ineffective assistance of appellate counsel for failure to argue Fletcher's statements to investigators were obtained in violation of his Sixth Amendment right to counsel; (2) ineffective assistance of appellate counsel for failure to argue that trial counsel was ineffective for failing to assert that the State knowingly used perjured testimony; and (3) ineffective assistance of appellate counsel for failure to argue that trial counsel was ineffective for failing to assert that the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (Doc. 31).

On September 22, 2004, the Circuit Court of Madison County summarily dismissed the post-conviction petition (Doc. 31). Fletcher appealed this decision, and the appeal was denied. *Id.*

On April 8, 2008, Fletcher, proceeding *pro se*, filed a petition for habeas corpus relief in this Court alleging: (1) ineffective assistance of trial counsel for failure to investigate his claims of innocence; (2) the State failed to correct the false testimony of a State witness; (3) the State failed to disclose material exculpatory evidence; (4) ineffective assistance of appellate counsel for failing to brief and argue that his sixth amendment right to counsel was violated; (5) ineffective assistance of appellate counsel for failure to brief and argue that the State failed to both correct the false testimony of a State witness and disclose material exculpatory evidence; (6) ineffective assistance of appellate counsel for failure to brief and argue his claim for

ineffective assistance of trial counsel; (7) the State failed to disclose that a State witness was being offered favorable treatment in return for his testimony against Fletcher; (8) the State failed to disclose material exculpatory evidence regarding conflicting information about the date of Nekemar Pearson's death; (9) the State improperly interfered with witness testimony; (10) the State relied on inconsistent theories of prosecution in two separate prosecutions for the same murder; and (11) a conflict of interest existed where Fletcher's attorney acted as the attorney for both Fletcher and a co-defendant during trial (Doc. 1).

On October 29, 2008, Fletcher, proceeding *pro se*, requested leave to file a successive petition for post-conviction relief pursuant to 725 ILCS 5/122-2(f) arguing: (1) counsel on direct appeal was ineffective for failing to argue that he was denied his right to a speedy trial; (2) the State failed to disclose that a State witness was being offered favorable treatment in return for his testimony against Fletcher; (3) the State failed to disclose favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (4) the State failed to disclose that a witness was offered a choice between testifying or being charged with the murder; (5) the State relied on inconsistent theories of prosecution in two separate prosecutions for the same murder; and (6) a conflict of interest existed where Fletcher's attorney acted as the attorney for both Fletcher and a co-defendant during trial. *Id.*

On November 25, 2008, the Circuit Court of Madison County denied the petition, finding that Fletcher failed to demonstrate sufficient cause and prejudice that would require consideration of a successive petition on the merits (Doc. 39). Fletcher appealed the decision, and that appeal is now pending before the Illinois Court of Appeals. *Id.*

On November 12, 2010, Fletcher, represented by counsel, filed an amended petition for habeas corpus relief in this Court (Doc. 31). The amended petition asserts five exhausted claims,

as well as six unexhausted claims. *Id.* Fletcher alleges: (1) ineffective assistance of trial counsel for failure to investigate his claims of innocence; (2) the trial court erred in not allowing his counsel to withdraw from the case despite repeated conflicts between Fletcher and counsel; (3) the State failed to disclose material exculpatory evidence regarding State witness Jody Wesley; (4) the State failed to disclose material exculpatory evidence regarding conflicting information about the date of Nekemar Pearson's death; (5) the State failed to correct Jody Wesley's false testimony; (6) the State failed to correct Jesse Johnson's false testimony; (7) the State failed to correct Jason Simmons's false testimony; (8) the State presented conflicting theories of prosecution; (9) the State improperly interfered with witness testimony; (10) ineffective assistance of appellate counsel for failing to brief and argue Fletcher's claim that he was denied his right to a speedy trial; and (11) ineffective assistance of assistance of appellate counsel for failure to brief and argue Fletcher's claim for ineffective assistance of trial counsel for trial counsel's failure to object to a discovery violation (Doc. 31).

Along with the amended petition, Fletcher filed a Motion for Stay and Abeyance and Memorandum in Support (Docs. 32, 33). In the motion, Fletcher contends that he is entitled to a stay and abeyance of this action because his appeal of the Circuit Court's decision denying his request for leave to file a successive post-conviction petition is currently pending before the Illinois Court of Appeals (Doc. 33). Relying on the standard set forth in *Rhines v. Weber*, 544 U.S. 269 (2005), Fletcher maintains that good cause exists for his failure to exhaust claims 3, 4, 5, 8, 9 ad 10 because these claims have been asserted in state court but he has yet to receive a ruling from the appellate court. *Id.* He also asserts that the failure to exhaust the state court claims does not involve any negligence; rather, the claims have not yet "run their course before the state courts." *Id.*

In response to the motion, Respondent argues that Fletcher has not shown good cause for his failure to exhaust or demonstrated that his unexhausted claims are potentially meritorious (Doc. 34). Additionally, Respondent argues that Fletcher's return to state court to fully develop the remaining claims for the Court's review will likely fail, as the Illinois Post-Conviction Hearing Act contemplates the filing of only one post conviction petition, and the Circuit Court has already denied Fletcher's petition for leave to file a successive post-conviction petition. *Id*. In the alternative, Respondent argues that the Court should 1) dismiss the amended petition and grant Fletcher leave to reinstate the petition within sixty days after the conclusion of the state proceedings; or 2) allow Fletcher the opportunity to withdraw his unexhausted claims and proceed to adjudicate the exhausted claims contained in the amended petition for habeas corpus relief. *Id*.

In his Reply, Fletcher argues that good cause exists for the stay of this action because he properly and timely asserted the unexhausted claims in state court, and he has been waiting on the appellate court to rule on these claims since 2008 (Doc. 39). Fletcher states that his *pro se* request for leave to file a successive post conviction petition, currently on appeal, "clearly explains the reasons for not including the six unexhausted claims in the original post-conviction petition." *Id*. Fletcher contends that under *Rhines* that the "good cause" requirement should not be strictly imposed against *pro se* petitioners. *Id*.

Fletcher also argues that the court's denial of his request for leave to file a successive post conviction petition cannot be considered a decision on the merits of the unexhausted claims, as this case involves an appeal of a procedural bar, not the merits of the claim (Doc. 39). Fletcher maintains that he is entitled to a stay and abeyance of this action because the failure to

exhaust does not involve any negligence, and the Court lacks the jurisdiction to issue an order that extends a statutorily imposed time limit in which a petition must be filed. *Id.*

## Discussion

District courts have discretion to hold in abeyance a mixed habeas petition, containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while federal proceedings are stayed. *Rhines*, 544 U.S. at 277. However, staying a petition and holding it in abeyance should be done only in limited circumstances where: (1) there is good cause for the petitioner's failure to exhaust state claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory litigation tactics. *Id.* at 277-78. However, the Court will only grant a stay if there is "good cause for petitioner's failure to exhaust his claims first in state court." *Id.* at 277. If the court determines that a stay is not warranted, it should allow the petitioner to delete the unexhausted claims from his petition and proceed solely on the exhausted claims. *Rhines*, 544 U.S. at 278.

As a showing of good cause, Fletcher asserts that his claims have been properly and timely asserted in state court through his appeal of the trial court's denial of his motion for leave to file a successive post conviction petition. He contends that he "clearly explains the reasons for not including the six unexhausted claims in the original post conviction petition" in his request for leave to file a successive post conviction petition which is pending before the Illinois Court of Appeals. Fletcher, however, has not given this Court an explanation for his failure to exhaust these claims in his original post-conviction petition. Nor has Fletcher submitted the appellate record for the Court's review.

Fletcher also argues that his former *pro se* status qualifies as good cause. However, a petitioner's pro se status, standing alone cannot demonstrate good cause. *See e.g. Smith v. McKee,* 598 F.3d 374, 385 (7th Cir. 2010)(a petitioner's pro se status does not constitute cause in a cause and prejudice analysis); *Harris v. McAdory*, 334 F.3d 665 (7th Cir. 2003)(citing *Barksdale v. Lane*, 957 F.2d 379 (7th Cir. 1992)) (same). Basing a finding of good cause upon *pro se* status "would render stay-and-abey orders routine" and thus run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

Because Fletcher has not demonstrated good cause for his failure to exhaust all of his claims prior to filing his federal habeas petition, it is unnecessary to determine whether the unexhausted claims are "plainly meritless" or whether he has engaged in "dilatory litigation tactics." Accordingly, the Motion to Stay and Abeyance is **DENIED**.

Since the Court cannot adjudicate the amended petition as it currently stands, Fletcher must decide between two options. Fletcher may withdraw his unexhausted claims and proceed solely on the basis of his exhausted claims. *Rhines*, 544 U.S. at 278. If Fletcher so chooses, the Court will consider only the merits of his exhausted claims. This choice would restrict future federal habeas corpus review of Fletcher's unexhausted claims because those claims would then be subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restriction on successive filings, as well as AEDPA's one-year statute of limitations.

Second, Fletcher may voluntarily withdraw his entire amended petition. This choice would limit future federal habeas corpus review of Fletcher's exhausted claims under the AEDPA one-year statute of limitations. The one-year statutory limitation on habeas corpus petitions is tolled during the pendency of state post-conviction proceedings. However, a request

for leave to file a successive post-conviction petition in state court does not constitute a properly filed petition for post-conviction relief. *See Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009)("[w]here state law requires pre-filing authorization-such as an application for permission to file a successive petition-simply taking steps to fulfill this requirement does not toll the statute of limitations"). Therefore, if Fletcher chooses this option he will be prevented from federal habeas corpus review of his exhausted claims.

## Conclusion

For the reasons stated above, Petitioner's Motion for Stay and Abeyance (Doc. 32) is **DENIED**. On or before **March 8, 2011**, Fletcher must either file a second amended petition for writ of habeas corpus containing only his exhausted claims or voluntarily dismiss his amended petition. If Fletcher chooses to file a second amended petition, Respondent's answer is due by March 29, 2011.

**DATED: February 7, 2011**

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**