IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT D. FLETCHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 08-266-GPM |
| ) | |
| DAVE REDNOUR, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Petitioner Robert D. Fletcher filed a petition for relief under 28 U.S.C. § 2254, and counsel was appointed to represent him. On September 30, 2011, this Court denied Fletcher's Second Amended Petition for Writ of Habeas Corpus and entered judgment against him. Fletcher has filed, *pro se*, a "motion of objection" and, through counsel, a timely motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

To prevail on a Rule 59(e) motion, the movant must present either newly discovered evidence or establish a manifest error of law or fact. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A "manifest error" is "the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id*. (internal quotation omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures," and it "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Fletcher argues that the Court committed manifest errors of law and fact by denying his

claim that trial counsel was ineffective for failing to investigate his claim of innocence and, instead, advancing a self-defense theory at trial. Fletcher fails to show how this Court wholly disregarded, misapplied, or failed to recognize controlling precedent. It is clear that Fletcher simply disagrees with this Court's analysis, and that is an insufficient basis for Rule 59(e) relief.

Next, Fletcher argues that this Court failed to allow him sufficient time to file a reply to Respondent's argument that certain claims were procedurally defaulted. A simple review of the docket sheet reflects the patience shown, through the *numerous* extensions of time that were granted, to allow Fletcher to amend and brief his claims. This argument is absurd.

Finally, Fletcher argues that the Court erred in finding that he failed to establish cause and prejudice to avoid procedural default. Fletcher asserts nothing in this motion that could not have been argued in his second amended petition. This Court will not pick apart the factual allegations asserted in the second amended petition to determine what *could* have been cause where those events were not specifically asserted as cause. This was not a pro se pleading that required liberal construction. To the extent Fletcher simply reargues that he established cause, this Court is convinced that its analysis was correct.

For these reasons, Fletcher's motions (Docs. 69, 70) are **DENIED**.

**IT IS SO ORDERED.**

DATED: November 14, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge