IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ROBERT D. FLETCHER | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | CIVIL NO. 08 - 266 - GPM |
| DAVE REDNOUR, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On January 21, 2000, a Madison County, Illinois jury found Petitioner Robert D. Fletcher guilty for the murder of Brian Warr. Mr. Fletcher appealed his conviction and sentence, and ultimately obtained a twenty year reduction in his sentence. Mr. Fletcher also filed several unsuccessful petitions for post-conviction relief. In 2008, Mr. Fletcher filed a pro se petition for writ of habeas corpus in the District Court for the Southern District of Illinois. Mr. Fletcher's second amended petition, which is the operative petition here, asked the Court to discharge Mr. Fletcher from his conviction and sentence under 28 U.S.C. § 2254.

Mr. Fletcher's petition raised twelve grounds for relief, six of which he failed to raise in his direct appeal or his first post conviction petition and subsequent appeal. Therefore, these six claims failed to receive a complete round of state court review, and this Court procedurally defaulted the six claims. The Court denied Mr. Fletcher's remaining six claims for relief on their merits.

On December 8, 2011, Mr. Fletcher filed a notice of appeal and contemporaneous request for certification of appealability pursuant to Rule 4(a)(1) of the Federal Rules of Appellate

Procedure and 28 U.S.C. § 2253. Accordingly, Mr. Fletcher's certification of appealability is the matter now before the Court. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Young v. United States,* 124 F.3d 794, 798-99 (7th Cir. 1997); *Nunez v. United States,* 96 F.3d 990, 991-92 (7th Cir. 1996). "A petitioner makes a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009), *quoting Arredondo v. Huibreqtse,* 542 F.3d 1155, 1165 (7th Cir. 2008).

For the reasons set forth in the Court's September 30, 2011 memorandum and order (*see* Doc. 67), Mr. Fletcher has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court **DECLINES** to issue a certificate of appealability. Pursuant to Federal Rule of Appellate Procedure 22(b), Mr. Fletcher may renew his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

Mr. Fletcher also seeks leave to proceed *in forma pauperis* on appeal. The declaration supporting Mr. Fletcher's application to proceed *in forma pauperis* contains the requisite information and reveals he is incarcerated at Menard Correctional Center and had, at the time of filing, $39.00 in a checking or savings account; the only valuable property he owns is a television worth $120.00. As such, the Court finds Mr. Fletcher is indigent within the meaning of 28 U.S.C. § 1915(a)(3). Despite having declined to issue a certificate of appealability, the Court cannot find Mr. Fletcher's request for review is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000) (explaining that the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is taken in

good faith for purposes of proceeding *in forma pauperis* on appeal). Accordingly, Mr. Fletcher's motion to proceed *in forma pauperis* on appeal (Doc. 78 ) **GRANTED**.[1]

**IT IS SO ORDERED**.

DATED: January 12, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

1. This a collateral action attacking Mr. Fletcher's underlying conviction and sentence, thus the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *See generally Walker v. O'Brien*, 216 F.3d 626, 628-29 (7th Cir. 2000) (holding that the Prison Litigation Reform Act does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255).