## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT D. FLETCHER**,

**Petitioner,**

**v.**                                                    **No. 08-0266-DRH**

**KIMBERLY BUTLER,**

**Respondent.**

### <u>MEMORANDUM and ORDER</u>

**HERNDON, District Judge:**

     Pending before the Court is Fletcher's motion from[sic] relief from Judgment or Orders (Doc. 98) and motion to proceed in forma pauperis (Doc. 99).  Based on the following, the Court **DENIES** the motion for relief from[sic] relief from judgment and **DENIES as moot** the motion to proceed in forma pauperis.

     Only a brief procedural history of this matter is needed to address the pending motions. On April 8, 2008, Fletcher filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (Doc.1).  At that time, then District Judge G. Patrick Murphy was assigned to the case.   On September 24, 2009, Magistrate Judge Donald G. Wilkerson *sua sponte* appointed attorney Carter Collins Law to

represent Fletcher pursuant to Local Rule 83.1(i) (Doc. 2).   On September 30, 2011, the Court denied Fletcher's second amended petition and judgment reflecting the same was entered (Docs. 67 & 68).   Subsequently, the Court denied a motion for objection and denied a motion to alter judgment (Doc. 71).   On November 23, 2011, the Court allowed Carter Collins Law leave to withdraw as counsel for Fletcher from the case (Doc. 73).   On December 8, 2011, Fletcher, pro se, filed a notice of appeal (Doc. 76).   Thereafter, the Seventh Circuit issued its Mandate affirming the judgment on May 16, 2013 (Doc. 92).

Nine months after the Mandate was issued, on February 20, 2014,Carter Collins Law filed an ex parte motion to appoint counsel nunc pro tunc pursuant to 18 U.S.C. § 3006A (Doc. 95).   That same day, the case was reassigned to the undersigned.   On March 4, 2014, the Court granted the ex parte motion (Doc. 96).

Now before the Court is Fletcher's motion from[sic] relief from judgment or orders (Doc. 98).   Fletcher "filed the instant motion pro se and such request it be liberally construed as a 60(b) motion, the motion is filed as a direct result of this court retroactive appointment of counsel to the date of September 24, 2009 under the criminal Justice Act."   He claims that he did not initially receive protected statutory appointed counsel or the opportunity to reject appointed counsel during actual habeas corpus proceedings.   He further claims that counsel failed to make certain arguments during his habeas proceedings.   Based on the following, the rejects these arguments.

Rule 60(b) permits a court to relieve a party from an order or judgment based on grounds as mistake, surprise or excusable neglect by the movant, fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59 motion.   However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.   *See, e.g., Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009).     As this motion was filed over three years after the judgment, almost a year and a half after the Seventh Circuit issued its Mandate affirming the judgment and 7 months after the Court issued the nunc pro tunc Order, Rule 60(b) applies to this motion. The gist of Fletcher's motion is that the case should be reopened in light of the Court's March 4, 2014 Order to allow him the right to accept or reject statutorily appointed counsel.   He claims that he would reject appointed counsel and that he does.   He maintains that instructed Carter Collins Law to make certain arguments that were not made during the habeas corpus proceeding.   Clearly, these arguments are meritless.   The March 4, 2014 Order did not affect the outcome of this case.   The Court notes that "Nunc pro tunc" is defined as: "[n]ow for then.   A phrase applied to acts allowed to be done after the time when they should have been done, with a retroactive effect, *i.e.*, with the same act effect as if regularly done."   Black's Law Dictionary, 737 (6th ed.1991). "The sole function of the *nunc pro tunc* doctrine is to correct

clerical errors; the doctrine is not used to alter substantive rights. *King v. Ionization International, Inc.,* 825 F.2d 1180 (7th Cir. 1987); *see, e.g., Shou Wei Jin v. Holder,* 572 F.3d 392, 397 (7th Cir.2009); *Mamedov v. Ashcroft,* 387 F.3d 918, 919 (7th Cir. 2004). "A court may issue a *nunc pro tunc* order to correct the record so that it reflects what was actually done but never recorded due to clerical inadvertence." <u>United States v. Taylor, 841 F.2d 1300, 1308 (7th Cir.1988)</u>.   Thus, the March 4, 2014 Order is effective as if entered September 24, 2009 when Magistrate Judge Wilkerson made the appointment. The March 4, 2014 Order was about ministerial matters (to assure counsel was paid for services rendered) and not about substantive matters.   Moreover, Fletcher could have and should have raised his objections regarding his attorney's performance during the proceedings.   It is obvious that Fletcher is attempting to re-litigate his case. He has offered nothing to support relief under Rule 60(b). Further, the Court is convinced that the March 4, 2014 Order was correct.

Accordingly, the Court **DENIES** Fletcher's motion from[sic] relief from Judgment or Orders (Doc. 98) and **DENIES as moot** Fletcher's motion to proceed in forma pauperis (Doc. 99).

**IT IS SO ORDERED.**

Signed this 8th day of October, 2014.

Digitally signed by David R. Herndon
Date: 2014.10.08 10:17:51 -05'00'

**United States District Court**